CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA A. BOERSCH (CABN 126569)
Chief, Criminal Division

DANIEL N. KASSABIAN (CABN 215249)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7034
    Facsimile: (415) 436-7234
    daniel.kassabian@usdoj.gov

Attorneys for United States of America

**FILED**
Aug 29 2025
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br> v. <br> WEIDONG LIU, et al., <br>     Defendant. | CASE NO. 3:25-CR-00259-WHO <br><br> MEMORANDUM IN SUPPORT OF <br> UNITED STATES' MOTION FOR DETENTION |

## I. SYNOPSIS

On August 28, 2025, defendants Weidong Liu, Chen Shen, and Weiqin Xu were arrested at their homes in the San Francisco Bay Area. All three are Chinese nationals, two of which are in the United States unlawfully. They all present a flight risk now that they have been indicted for a counterfeit fraud scheme. And while Messrs. Shen and Xu may demonstrate that they have community ties by being in the United States for several years, that also should be juxtaposed with their danger to the community given their current crimes—i.e., Mr. Shen committed them while on probation, and Mr. Xu continued to commit them after being arrested for committing these crimes elsewhere in May, and recently release in July. Thus, for the reasons set herein, the Court should find their pretrial detention is appropriate.

## II. LEGAL STANDARDS

The Bail Reform Act of 1984 permits pretrial detention of a defendant without bail where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Detention is appropriate where a defendant is either a danger to the community or a flight risk; it is not necessary to prove both. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A finding that a defendant is a flight risk need only be supported by a preponderance of the evidence. *Id*. A finding that a defendant is a danger to the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(B). "[T]he Bail Reform Act mandates an individualized evaluation guided by the factors articulated in § 3142(g)." *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019). Categorical grants or denials of bail, not tethered to an individualized determination, are impermissible. *Id*. Consideration of factors outside those articulated in section 3142 is also disfavored. *Id*.

When the defendant is an undocumented alien, facts in connection with that status can be considered by a court in evaluating flight risk, even though the fact of the defendant's involuntary deportation may not. *See generally*, *United States v. Santos-Flores*, 794 F.3d 1088, 1092-93 (9th Cir. 2015). Thus, a court may consider factors that might have some relationship to the fact that the defendant is an undocumented alien, such a defendant's "violation of the terms of his supervised release, his multiple unlawful entries into the United States, his prior failure to appear when required in state court, his use and possession of fraudulent identity documents, and the severity of the potential punishment and the weight of the evidence against him. *Id*. at 1092. Considering these factors does not "create a categorical rule that would prevent release for undocumented defendants . . . ." *Id*.

Ultimately, the above considerations are specific instances of conduct to consider as part of the four factors to determine whether to detain pretrial: (1) the nature and circumstances of the offenses charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and (4) the nature and seriousness of the danger to any person or to the

community by the defendant's release.  18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

## II.   OFFENSE CONDUCT

The Indictment articulates the defendants' involvement in a sophisticated scheme using counterfeits to defraud a national retailer through organized retail theft.  Under the scheme, the defendants purchased iPad tablets and AirPods earphones from that retailer with stores throughout the San Francisco Bay Area and elsewhere.  The defendants then returned to that same retailer counterfeit versions bearing the brand name's trademarks, and serial numbers that matched the iPad tablets and AirPods earphones previously purchased from that retailer, to obtain the original purchase value back. The counterfeits were returned in the purchased, genuine iPad tablets' and AirPods earphones' original packaging that also bore the brand name's trademarks and the genuine products' serial numbers.  In many instances, the original packaging allegedly was resealed with imitation stickers that matched the original sealing stickers to make the return appear unopened.  The defendants imported the counterfeits and the imitation sealing stickers from China.  The defendants exported the genuine iPad tablets and AirPods earphones to China.

Mr. Liu was observed returning counterfeit products multiple times to the retailer's stores in California.  Some of the inbound shipments using an international carrier from China with counterfeit goods, as determined during customs inspections at the Oakland International Airport before being released, listed Mr. Liu as the recipient.  Mr. Liu also picked-up such parcels from the international carrier's offices.

Mr. Shen was observed shipping parcels to China that contained genuine products, as determined during customs inspections at the Oakland International Airport, that were determined to have counterfeits returned in their stead at the major retailer.  Mr. Shen also was observed with other co-conspirators at his home in San Leandro, receiving parcels that contained counterfeit goods over a year-long period—per observations, Mr. Shen's home was a hub of the scheme's activity at that time.

Mr. Xu was observed returning counterfeit products multiple times to the retailer's stores in California.  In addition, he was stopped twice:  once in St. Charles, Missouri on December 9, 2024, and another time in Allen, Texas on May 30, 2025, and found both times to have multiple counterfeit

products and other counterfeiting paraphernalia. During his second detention, he was arrested and held in custody on now-pending counterfeiting charges in Texas until he was released on bail last month, around July 13, 2025. Investigators have been informed by the major retailer that Mr. Xu had returned counterfeit products two weeks prior to today. When arrested yesterday, Mr. Xu was found in possession of counterfeit products.

If convicted, defendants each face a maximum statutory sentence of 20 years in prison and a $250,000 fine for each count of conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349 and mail fraud in violation of 18 U.S.C. § 1341, and 10 years in prison and a $2,000,000 fine for each count of conspiracy to traffic in counterfeit goods in violation of 18 U.S.C. § 2320(a) and trafficking in counterfeit goods in violation of 18 U.S.C. § 2320(a)(1).

### III. THE DEFENDANTS' FLIGHT RISK AND RISK OF DANGER TO THE COMMUNITY

#### A. Weidong Liu

Mr. Liu is a Chinese national who entered the United States in March 2024. He is an undocumented alien here, and therefore subject to removal. The government is unaware of Mr. Liu having any family or other community ties in this area or in the United States in general.

#### B. Shen Chen

Mr. Chen is a Chinese national who entered the United States in 2017, and is believed to have lived primarily in the United States since that time. He is an undocumented alien here, and therefore subject to removal. The government is unaware of any family in the United States or other community ties. When arrested at his home in Fremont, California, he had several roommates—it is unclear whether any of them would be suitable custodians.

Significantly, while engaging in the offense conduct, Mr. Shen was being supervised while on state court probation for a conviction in January 2024 for a felony violation of Cal. Penal Code § 243(d) (battery with serious bodily injury) for which he also served 180 days in jail. Moreover, when he was arrested yesterday, investigators found him in unlawful possession of a firearm in his vehicle given he is a convicted felon and alien, and in possession of over 1 pound of a powdery substance in his residence's garage, which investigators believe to be ketamine per presumptive testing.

### C. Weiqin Xu

Mr. Xu is a Chinese national who entered the United States in 2021, and is believed to have lived primarily in the United States since that time. He is a lawful permanent resident, and has a spouse and children who were living with him at his residence in San Francisco when he was arrested yesterday. It is unclear whether his spouse is willing to be a surety and/or custodian. Regardless, Mr. Xu's activities in furtherance of the charged offenses, in which he persisted despite being arrested and held in Texas for engaging in these offenses, is troubling. It does not appear that he can be deterred through conditions of release, and thus detention is appropriate.

## IV. THE SECTION 3142(G) FACTORS WEIGH IN FAVOR OF DETENTION

The government has made a showing that all three defendants should be detained. Each does not have sufficient ties to the community based on the information before the Court at this time. As significant, evidence of their guilt and likely period of federal imprisonment "makes it more likely that he will flee. . . ." *United States v. Gebro*, 948 F.2d 1118, 1122 (9th Cir. 1991) (affirming district court finding government met burden of showing flight risk and danger to the community in motion for pretrial detention pending re-trial where defendant faced lengthy period of incarceration). The preponderance of evidence shows they are a flight risk and should be detained.

In addition, Mr. Shen and Mr. Xu present a danger to the community. Mr. Shen's conduct occurred while on supervision, and he was found with a firearm and a controlled substance in an amount for distribution, which are independently bases for danger to the community. Mr. Xu has been undeterred from engaging in misconduct by recent incarceration; there is no rational basis to believe his arrest and immediate release on conditions will prove an effective deterrence this time around.

## V. CONCLUSION

For the foregoing reasons, the Court should detain the defendants pending trial, or at least have a full detention hearing to determine additional facts that defense might present in rebuttal.

DATED: August 29, 2025

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/
DANIEL N. KASSABIAN
Assistant United States Attorney